## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| TERRI ALLEN | : | CIVIL ACTION |
| Plaintiff, | : | NO.   20-2357 |
| -vs- | : | |
| | : | |
| | : | |
| CAREERS USA, INC. individually and | : | PLAINTIFF REQUESTS |
| d/b/a CAREERS USA, CAREERS USA | : | TRIAL BY JURY |
| PHILADELPHIA LLC, MARILYN | : | |
| OUNJIAN (individually), THERESA | : | |
| SAVAGE (individually), ROSANNE | : | |
| SCHANTZ (individually), LAWRENCE | : | |
| AVERS (individually), | : | |
| Defendants. | : | |
| | : | |

Plaintiff, TERRI ALLEN, by and through undersigned counsel hereby files this Civil

Action Complaint against Defendants CAREERS USA, INC. individually and d/b/a CAREERS

USA, CAREERS USA PHILADELPHIA LLC, MARILYN OUNJIAN (individually),

THERESA SAVAGE (individually), ROSANNE SCHANTZ (individually), LAWRENCE

AVERS (individually), (collectively "Defendants") and avers the following:

## **PARTIES**

1.      Plaintiff, Terri Allen ("Plaintiff" or "Ms. Allen") is an adult individual who

resides in the Commonwealth of Pennsylvania.

2.      Defendant, Careers USA Inc., individually and d/b/a Careers USA is a business

organization existing under the laws of the Commonwealth of Pennsylvania with an address for

the purposes of service 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

3.      Defendant, Careersusa Philadelphia, LLC is a business organization existing

under the laws of the Commonwealth of Pennsylvania with an address for the purposes of

service 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

1

4.      Defendant, Marilyn Ounjian (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

5.      Defendant, Theresa Savage (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

6.      Defendant, Rosanne Schantz (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

7.      Defendant, Lawrence Avers (individually) is an adult individual who resides in the Commonwealth of Pennsylvania with a business address for the purpose of service at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

8.      At all times relevant to this Civil Action, the individually named Defendants, MARILYN OUNJIAN (individually), THERESA SAVAGE (individually), ROSANNE SCHANTZ (individually), LAWRENCE AVERS (individually) were employees of Defendants, CAREERS USA, INC. individually and d/b/a CAREERS USA, CAREERS USA PHILADELPHIA LLC and held supervisory authority over Plaintiff, Terri Allen during Plaintiff's employment for Defendants.

9.      At all times relevant to this civil action Plaintiff was employed by Defendants, CAREERS USA, INC. individually and d/b/a CAREERS USA, CAREERS USA PHILADELPHIA LLC, MARILYN OUNJIAN (individually), THERESA SAVAGE (individually), ROSANNE SCHANTZ (individually), LAWRENCE AVERS (individually) who were Plaintiff's joint and sole employers.

## NATURE OF THE CASE

10.     Plaintiff complains pursuant to Section 1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the Age Discrimination in Employment Act of 1967 (ADEA),   42 U.S.C.; the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRC"), under the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO"), and under the laws of the Commonwealth and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' discrimination, harassment, retaliation, and the hostile work environment which ultimately led to Plaintiff's unlawful termination from Plaintiff's employment for Defendants.

## JURISDICTION AND VENUE

11.     This action involves a Question of Federal Law under Section 1981, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 (ADEA),. The honorable Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action and Municipal Causes of Action.

12.     Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the Philadelphia County, Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

13.     On or around May 19, 2019, Plaintiff filed a Civil action of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.   Plaintiff's Civil action of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations.

14.     On or about February 19, 2020, the EEOC sent a Dismissal and Notice of Rights to Plaintiff by regular mail.   This action is hereby commenced within ninety (90) days of receipt of the Dismissal and Notice of Rights.

15.     Plaintiff's causes of action under the Pennsylvania Human Relations Act ("PHRA") are ripe because it has been more than one year since Plaintiff's Civil action of Discrimination was dual filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission on Human Relations.

## MATERIAL FACTS

16.     Plaintiff, Terri Allen ("Ms. Allen" or "Charging Party") resides in the Commonwealth of Pennsylvania.

17.     Plaintiff, Terri Allen, began her employment for Defendants sometime around February 1991.

18.     Plaintiff, Terri Allen continued her employment for Defendants until her unlawful termination in April 2019.

19.     The stated reason for Plaintiff's termination as proffered by Defendants is pretext as Plaintiff was terminated because of her age and race and in retaliation for Plaintiff's opposition to and reports of discrimination and harassment in the workplace.

20.     Plaintiff, Terri Allen is a black, African American female of whose ancestors were of African descent.

21.     Plaintiff, Terri Allen was born July 27, 1961.   Accordingly, at the time of her unlawful termination based on age, race, color, and national origin, Plaintiff, Terri Allen was fifty-seven (57) years old.

22.     Defendant, Marilyn Ounjian (Supervisor) is an individual who resides in the State

4

of Florida with a business address for the purposes of correspondence at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

23.     At all times relevant to this civil action, Defendant, Marilyn Ounjian was the owner and CEO of CareersUSA, Inc, and CareersUSA.

24.     Defendant, Theresa Savage (Supervisor) is an individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 1800 JFK Boulevard, Suite 710, Philadelphia, Pennsylvania 19103.

25.     At all times relevant to this civil action, Defendant, Theresa Savage was Plaintiff's direct supervisor and the Branch Manager of the Philadelphia offices where Plaintiff worked.

26.     Defendant, Rosanne Schantz (Supervisor) is an individual who resides in the Commonwealth of Pennsylvania with a business address for the purposes of correspondence at 1800 JFK Boulevard, Suite 710, Philadelphia, Pennsylvania 19103.

27.     At all times relevant to this civil action Defendant, Rosanne Schantz was the Regional Director of the Philadelphia offices where Plaintiff worked.

28.     Defendant Lawrence Avers (Supervisor) is an individual who resides in the State of Florida with a business address for the purposes of correspondence at 6501 Congress Avenue, Suite 200, Boca Raton, Florida, 33487.

29.     At all times relevant to this civil action, Lawrence Avers was the Vice President of Sales for Careers USA, Inc. and CareersUSA.

30.     At all times material to this Civil action, Plaintiff, Terri Allen was employed by Defendants as an Assistant Branch Manager.   Plaintiff held this position for over twenty (20) years and successfully satisfied the duties of her employment.

31.     At all times material to this Civil action, Plaintiff, Terri Allen worked in the Commonwealth of Pennsylvania, City of Philadelphia, at Defendants' Philadelphia offices located at 1800 JFK Boulevard, Suite 710, Philadelphia, Pennsylvania 19103.

32.     At all times material to this civil action, Plaintiff, Terri Allen possessed the training, education, skill, and experience required to execute her duties as the Assistant Branch Manager for Defendants' Philadelphia offices.

33.     Plaintiff, Terri Allen began her employment for Defendants sometime around February 1991.

34.     At the time of her unlawful termination based upon age, race, color and national origin, Plaintiff worked for Defendants for over twenty-eight (28) years.

35.     As Plaintiff, Terri Allen got older, the discrimination and harassment to which Plaintiff was subjected increased.

36.     Plaintiff was also subjected to discrimination and harassment based upon Plaintiff's race, color, and national origin.

37.     Defendants subjected Plaintiff, Terri Allen to discrimination and harassment based upon her age in the form of inappropriate, discriminatory age-based comments.   Examples include but are not limited to:

      (a)  You are old school.

      (b)  We don't do it that way anymore.

      (c)  These are new times.   You need to catch up with the times.

      (d)  When are going to retire?

      (e)  How much longer are you going to be here?

      (f)  How much longer will you be working?

38.     Defendants did not subject Plaintiff, Terri Allen's similarly situated younger coworkers to the same discrimination and harassment to which Plaintiff was subjected.

39.     Defendants exhibited a pattern and practice of replacing older employers with younger employees in a targeted effort to unlawfully discriminate against older employees and terminate employees older than fifty years old.

40.     Specifically, Defendants targeted employees in their fifties, including Plaintiff, Terri Allen.

41.     Plaintiff, Terri Allen was targeted and terminated through discriminatory policies.

42.     For example, Defendants required Plaintiff, Terri Allen to complete metrics that Plaintiff, Terri Allen's similarly situated younger coworkers were not required to complete.   Examples include but are not limited to:

> (a)  Plaintiff, Terri Allen had to speak to at least 15 clients a day.   This included the call and then a follow up email.   So this was 30 contacts: 15 calls and 15 emails.
>
> (b)  Plaintiff had to make 15 appointments per day for temps.
>
> (c)  Plaintiff had to send 50 communications in order to achieve the metric of 15 people. For those 15 people Plaintiff had to send confirmation emails.
>
> (d)  Plaintiff also had to send 5 submittals to companies.   Plaintiff had to research 5 people who might work for a company and then send 5 resumes that coincided with those positions.   This metric required Plaintiff to send 25 resumes a week.
>
> (e)   Every week Plaintiff had to have 7 new orders.   An order would fulfilled when the temp who would actually go into work and begin an assignment.
>
> (f)  Plaintiff had to fill 5 orders per week.

43.     These metrics were not required of Plaintiff's similarly situated younger coworkers.

44.     These metrics were not required of Plaintiff's similarly situated white, Caucasian

coworkers.

45.    On one occasion, Defendant, Rosanne Schantz said to Plaintiff, Terri Allen, "I can't trust you any longer."

46.    This race, color and national origin-based comment was also based upon Plaintiff's age.

47.    Defendant, Rosanne Schantz did not speak to Plaintiff's younger coworkers or similarly situated white, Caucasian coworkers in this same discriminatory, hostile manner.

48.    Defendant, Rosanne Schantz made this comment through email and copied the entire office.

49.    Accordingly, Defendant, Rosanne Schantz made this comment in an effort to embarrass and ridicule Plaintiff in front of Plaintiff's coworkers.

50.    Plaintiff, Terri Allen was mortified.

51.    Plaintiff opposed this discriminatory comment by informing Defendant, Theresa Savage, "she never should have said that."

52.    Defendant, Theresa Savage failed to conduct a meaningful investigation and failed to initiate prompt remedial measures.

53.    By failing to take effective, remedial measures, Defendants, encouraged, permitted, and condoned this discrimination and harassment to continue.

54.    Plaintiff was informed by a coworker that Defendant, Marilyn Ounjian was targeting Plaintiff for unlawful discipline and termination.

55.    Defendant, Marilyn Ounjian asked Plaintiff's coworker to set Plaintiff up for discipline and termination.

56.    Plaintiff's coworker notified Plaintiff, "the one thing I would not agree to is when Marilyn Ounjian asked me to set you up,"

57.     Plaintiff's coworker than informed Plaintiff to be on the lookout because "she (Defendant, Marilyn Ounjian) is out to get you."

58.     Plaintiff's coworker is named Kellen Economy.   Kellen Economy now works for another company however, he can confirm that Defendants, Marilyn Ounjian made these unlawful demands targeting Plaintiff, Terri Allen.

59.     Plaintiff worked for approximately twenty-five (25) years without writeups or disciplinary incidents.

60.     Plaintiff was never written up a single time when Plaintiff was in her thirties or forties.

61.     As Plaintiff, Terri Allen aged into her fifties, Defendants began to subject Plaintiff to disciplinary writeups for incidents which Plaintiff's similarly situated younger and white, Caucasian coworkers were never written up.

62.     Plaintiff, Terri Allen was either the only black, African American employee of Defendants or one of the only black African American employees.

63.     Defendants avoided hiring black African American employees based on their discriminatory animus toward individuals based on race, color, and national origin.

64.     Plaintiff was targeted by employees such as Defendants, Marilyn Ounjian and Rosanne Schantz due to Plaintiff's age, race, color, and national origin.

65.     The stated reason for Plaintiff's termination is mere pretext to hide Defendants unlawful conduct and comments and Plaintiff's unlawful termination.

66.     Defendants claim to have terminated Plaintiff, Terri Allen for issues related to Plaintiff's performance.

67.     Defendants issued a misleading and factually inaccurate Discontinue of Employment letter

9

to Plaintiff which identified issues that were never brought to Plaintiff's attention until Plaintiff was in her mid-to-late fifties.

68.     Upon Plaintiff's unlawful termination, Defendant, Lawrence Avers informed Plaintiff, Terri Allen, "we are going to tell your clients that you are retiring?"

69.     Defendant, Marilyn Ounjian attempted to blame the unlawful conduct and comments and Plaintiff's unlawful termination on other employees.

70.     Defendant, Marilyn Ounjian stated, "I was away when this happened.   I didn't know it was happening.   It was not my decision."

71.     Notwithstanding, Defendant, Marilyn Ounjian refused to implement positive corrective action designed to ameliorate the discrimination, harassment, and wrongful termination.

72.     At all times Plaintiff's unlawful termination was executed at the express direction of Defendant, Marilyn Ounjian.

73.     Plaintiff, Terri Allen was replaced by a much younger employee.

74.     Defendants executed a strategy to terminate and/or replace employees in their fifties with much younger employees in their twenties, thirties, or low forties.

75.     Trudy Feldman was a coworker who was targeted due to her age.   Trudy Feldman is approximately ten years older than Plaintiff, Terri Allen.

76.     Trudy Feldman was targeted and terminated by Defendants due to her age.

77.     Accordingly, both Plaintiff, Terri Allen and Trudy Feldman were terminated when they were in their late fifties.

78.     Trudy Feldman was replaced by Lawrence Avers, a much younger employee.

79.     At the time he replaced Trudy Feldman, Defendants, Lawrence Avers was in his late thirties to early forties.

80.     Defendant, Theresa Savage, an employee in her late twenties replaced Branch Manager, Myra Brown, an employee in her fifties.

81.     The person who hired Plaintiff was the Vice President of Human Resources, Marnie Bauman.

82.     Last year, Marnie Bauman was in her sixties.   Marnie Bauman was replaced by Lisa Mendelson, an employee in her thirties to early forties.

83.     Joanne Venuto was terminated by Respondent Rosanne Schantz.

84.     Joanne Venuto was in her late fifties to early sixties.   Joanne Venuto was replaced by a much younger employee in Defendant, Theresa Savage who was in her twenties when she began her employment for Defendants.

85.     Another employee in her sixties was recently forced to leave the company.   Her name is Marnie Bowman.   She was terminated about one (1) year ago.

86.     Marnie Bowman was replaced by Lisa Mendelsohn, a much younger employee in her early forties.

87.     Defendants have executed an unlawful discriminatory strategy to terminate older employees based solely upon their age.

88.     Defendants specifically targeted employees in their fifties and sixties and replaced them with younger employees in their twenties and thirties.

89.     Defendants refuse to consider employing individuals older then forty-five.

90.     Defendants accused Plaintiff, Terri Allen of poor work performance, however, Plaintiff, Terri Allen was the employee who was trusted with the responsibilities of running the Philadelphia Office up until her unlawful termination.

91.     This included requiring Plaintiff to maintain possession of the Philadelphia Office cell

phone.

92.     As a result of sitting behind a desk for twenty-eight (28) years, Plaintiff, Terri Allen began to experience medical problems which effected Plaintiff's major life activities.

93.     Plaintiff, Terri Allen was admitted to the hospital for five (5) days for serious issues in Plaintiff's shoulder, right knee, and left ankle and foot.

94.     After she was admitted to the hospital Defendants began to ask Plaintiff questions such as:

(a)  "When do you plan on retiring?"

(b)  How much longer are you planning on working?"

(c)  How much longer will you even be here?"

95.     Plaintiff, Terri Allen reported and otherwise opposed Defendants discriminatory and harassing conduct.

96.     As a result, Plaintiff, Terri Allen was subjected to retaliation.

97.     As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

98.     Defendants refused to investigate or take appropriate remedial action in response to Plaintiff 's complaints of discrimination, harassment and hostile work environment.

99.     As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

100.     Plaintiff has suffered physical injuries because of Defendants' discrimination, harassment, and retaliation.

101.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

102.     Plaintiff has further experienced severe emotional and physical distress.

103.     As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

104.     Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment, and hostile work environment.

105.     Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

106.     The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

107.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails.

108.     Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

109.     Plaintiff has further experienced severe emotional and physical distress.

110.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

111.     Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment, and hostile work environment.

112.     Defendants discriminatory conduct was severe and pervasive, creating a hostile work environment for Plaintiff.

113.     Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

**FIRST CAUSE OF ACTION**
**UNDER FEDERAL LAW**
**S.C. SECTION 1981**
**(against all named Defendants)**

114.     Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraph one (1) through one-hundred-thirteen (113) as fully as if they were set forth at length.

115.     42 U.S.C. 1981 states in relevant part as follows:

(a)     Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxed, licenses, and exactions of every kind, and to no other.

(b)     "Make and enforce contracts" defined for purposed of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A § 1981.

116.     Plaintiff, as a member of the Black and/or African American race, was discriminated against by Defendants because of her race as provided under 42 U.S.C. § 1981 and has suffered damages as set forth herein.

117.     Plaintiff also claims unlawful retaliation under 42 U.S.C. § 1981 for her opposition to Defendants' unlawful employment practices.

118.     Plaintiff hereby includes all acts of disparate treatment including Plaintiff's unlawful suspension, being denied the ability to work when Plaintiff was sent home, and Plaintiff's unlawful termination in Plaintiff's First Cause of Action under Section 1981.

14

119.    Plaintiff also includes all claims under Section 1981 for the hostile work environment, as Defendants conduct and comments were of a race based nature and had the purpose and effect of unreasonably interfering with Plaintiff's work enjoinment.

120.    Plaintiff's claims under Section 1981 also include the campaign of retaliation to which Defendants subjected Plaintiff.

121.    Plaintiff, Terri Allen therefore presents counts under Section 1981 for disparate treatment, hostile work environment, and retaliation.

## SECOND CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
## HOSTILE WORK ENVIRONMENT AND DISPARATE TREATMENT
### (all corporate Defendants only)

122.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-twenty-one (121) as fully as if they were set forth at length.

123.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, gender, race, color, and/or national origin.

124.    SEC. 2000e-2 *[Section 703]* states as follows:

(a)  Employer practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

125.    Defendants engages in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.*, by discriminating against Plaintiff because of her race, color, national origin.

126.    Plaintiff claims that she was subjected to a hostile work environment based upon the severe and pervasive discrimination and harassment in the workplace which had the effect of unreasonably interfering with Plaintiff's work environment and altering the terms and conditions of Plaintiff's employment.

127.    Plaintiff was also suspended without pay and terminated from her employment based upon Plaintiff's race, color, national origin.

### THIRD CAUSE OF ACTION
### <u>RETALIATION UNDER TITLE VII</u>
### (against corporate Defendants only)

128.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-twenty-seven (127) as fully as if they were set forth at length.

129.    Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a civil action, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

130.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et. seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or

privileges of her employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

131.    Plaintiff engaged in protected activity when he continued to oppose the severe and pervasive discrimination and harassment in the workplace and even submitted a written statement to report the discrimination and harassment in the workplace.

132.    Defendants refused to investigate Plaintiff's reports of discrimination and harassment in the workplace.

133.    Defendants refused to initiate prompt corrective actions.   Accordingly, Defendants permitted, sanctioned, condoned, and allowed the discrimination and harassment to continue.

**FOURTH CAUSE OF ACTION**
**DISCRIMINATION AND DISPARATE TREATMENT**
**AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. §621 et.**
**(all corporate Defendants only)**

134.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-thirty-three (133) as fully as if they were set forth at length.

135.    Defendant is an employer under the ADEA, 29 U.S.C. §630, as it is engaged in an industry affecting commerce and has/had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

136.    Plaintiff is an employee under the ADEA as she is an individual employed by an employer.

137.    Plaintiff is protected under the ADEA as she is at least forty years of age. Plaintiff is fifty years old today.

17

138.    Plaintiff is further protected under the ADEA from discrimination and disparate treatment in relation/contrast to persons substantially younger.

139.    Defendant violated the ADEA by disparately treating Plaintiff based on age by having made discriminatory age based comments and terminating Plaintiff, amount other examples.

140.    At all times, Plaintiff remained qualified and capable for all positions worked and/or available for Plaintiff.

141.    Further, Plaintiff was retaliated against by her employers for her opposition to the discriminatory treatment she endured and for reporting that treatment to Defendants.

142.    As a direct and proximate results of Defendant's discrimination and disparate treatment Plaintiff has suffered loss of wages (backpay) and loss of benefits up through the date of any determination.

143.    As Defendant's actions were willful and/or Defendant showed a reckless disregard for whether its discriminatory and disparate conduct was/were prohibited, Plaintiff is entitled to liquidated damages, which doubles the Plaintiff's backpay damages.

144.    As direct and proximate results of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages and loss of benefits into the reasonable future (front pay) including wage loss and loss of benefits, and thus Plaintiff is entitled to a present – day vale for those lost future earnings.

145.    Plaintiff further seeks equitable remedies including a change to Defendant's discriminatory conduct and/or reinstatement.

## FIFTH COUNT
## DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT DISCRIMINATION IN EMPLOYMENT ACT (ADEA)
### (Against Corporate Defendants Only)

146.    Plaintiff, Terri Allen, hereby incorporated all allegations contained in paragraphs one (1) through one-hundred-forty-five(145) as fully as if they were set forth at length.

147.    Section 626 of the ADEA provided it shall be unlawful for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

(4) It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

148.    Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of her age.

149.    Defendants' age based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

150.    Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

151.    Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

152.    Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

**SIXTH COUNT**
**RETALIATION UNDER THE AGE**
**DISCRIMINATION IN EMPLOYMENT ACT**
**(Against Corporate Defendants Only)**

153.    Plaintiff, Terri Allen, hereby incorporates all allegation contained in paragraphs one (1) through one-hundred-fifty-two (152) as fully as if they were set forth at length.

154.    Section 623 (d) of the ADEA states the following:

> "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

155.    Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

156.    Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants conduct continued and ratcheted up.

157.    Moreover, Plaintiff was subjected to diciplinary measures such as counseling and termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

## SEVENTH CAUSE OF ACTION
## DISCRIMINATION UNDER STATE LAW
### (against all named Defendants)

158.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-fifty-seven (157) as fully as if they were set forth at length.

159.    The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

160.    Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's race, color and age.

161.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

**EIGHTH CAUSE OF ACTION**
**RETALIATION UNDER STATE LAW**
**(against corporate Defendants only)**

162.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-sixty-one (161) as fully as if they were set forth at length.

163.    PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

164.    Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**NINTH CAUSE OF ACTION**
**DISCRIMINATION UNDER STATE LAW**
**(against all named Defendants)**

165.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-sixty-four (164) as fully as if they were set forth at length.

166.    PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

22

167.     Defendants engaged in an unlawful discriminatory practice in violation of PHRA

§955(e) by committing assault and battery, aiding, abetting, inciting, compelling and coercing

the discriminatory conduct.

**TENTH CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

168.     Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs

one (1) through one-hundred-sixty-seven (167) as fully as if they were set forth at length.

169.     The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be

an unlawful discriminatory practice:   "It shall be an unlawful employment practice to deny or

interfere with the employment opportunities of an individual based upon her or her race,

ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual

orientation, gender identity, religion, national origin, ancestry, age, disability, marital status,

familial status, genetic information, or domestic or sexual violence victim status, including, but

not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise

discriminate against any individual, with respect to tenure, promotions, terms, conditions or

privileges of employment or with respect to any matter directly or indirectly related to

employment."

170.     Defendants engaged in an unlawful discriminatory practice in violation of

Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory

working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's

disability.

171.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

**ELEVENTHCAUSE OF ACTION**
**RETALIATION UNDER THE**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

172.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-seventy-one (171) as fully as if they were set forth at length.

173.    The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

174.    Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**TWELTH CAUSE OF ACTION**
**DISCRIMINATION UNDER**
**PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE**
**(against all named Defendants)**

175.    Plaintiff, Terri Allen, hereby incorporates all allegations contained in paragraphs one (1) through one-hundred-seventy-four (174) as fully as if they were set forth at length.

176.    The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from

complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

177.    Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful, and retaliatory conduct.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**


By:    /s/ Seth D. Carson
     Seth D. Carson, Esquire
     1835 Market Street, Suite 2950
     Philadelphia, Pennsylvania 19103
     Phone: 215.391.4790
     Email: seth@dereksmithlaw.com

DATED: May 20, 2020