IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRI ALLEN** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 20-2357 |
| v. | : | |
| | : | |
| **CAREERS USA, INC.,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　　　　　　JUNE 23, 2021

# MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff filed a Title VII and state law civil rights employment action against several defendants based on allegations of age discrimination, harassment, retaliation, and hostile work environment. Before this Court are motions filed by Defendants Careers USA, Inc. ("Careers USA") and Roseann Schantz ("Schantz") (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), which seek either the dismissal of the complaint filed against them for failure to state a claim upon which relief can be granted or, in the alternative, the transfer of this matter to the United States District Court for the Southern District of Florida. [ECF 19, 20].[1] The argument for the transfer of this matter is based on an express choice of law and forum selection provision in the Confidentiality and Non-Compete Agreement (the "Agreement") between Terri Allen ("Plaintiff") and Careers USA. Plaintiff has opposed the motions. [ECF 24].[2]

---

[1] In the operative complaint, Plaintiff also asserts claims against CareersUSA Philadelphia LLC. In its motion to dismiss, Defendant Careers USA argues that CareersUSA Philadelphia LLC is a completely distinct and now defunct entity which has not been properly served. In her response, Plaintiff provided no response to this argument nor has she provided any evidence as to her service of the summons and complaint on CareersUSA Philadelphia LLC. Accordingly, the claims against CareersUSA Philadelphia LLC are dismissed for lack of service pursuant to Federal Rule of Civil Procedure 4.

[2] This Court has also considered Defendants' replies. [ECF 32, 33].

The issues raised in the motions have been fully briefed and are ripe for consideration. For the reasons stated herein, Defendants' alternative motions to transfer venue pursuant to 28 U.S.C. §1404(a) are granted. Consequently, this matter is transferred to the United States District Court for the Southern District of Florida.

**BACKGROUND**

When ruling on a defendant's motion to dismiss,[3] this Court accepts, as true, the well pled relevant allegations in the operative complaint. Briefly, the facts relevant to Defendants' motions to transfer venue are as follows:

> In February 1991, Plaintiff (a resident of Pennsylvania) began working as an Assistant Branch Manager for Careers USA (an entity incorporated in Florida). During the entire period of her employment with Careers USA, Plaintiff worked in Careers USA's office located in Philadelphia, Pennsylvania, under the supervision of Schantz (a Regional Director), who resides in Pennsylvania.
>
> As a condition of her employment, Plaintiff entered into a Confidentiality and Non-Compete Agreement (the "Agreement") with Careers USA. Pertinent to the issues raised in Defendants' motions to transfer venue, paragraph 17 of the Agreement provides, *in part*:
>
>> This Agreement is being executed in, and its validity, interpretation, performance and effect shall be governed in accordance with the laws of the State of Florida. Any proceeding arising between the parties in any manner or related to this Agreement shall to the extent permitted by law shall be brought in Palm Beach County, Florida.
>
> Plaintiff commenced this action by filing a complaint in this Court. In the complaint and subsequent amended complaint, [ECF 11], Plaintiff alleges that she was subject to various forms of employment discrimination during her employment with Careers USA.

---

[3] In *Salovaara v. Jackson Nat'l Life Ins. Co.*, the Third Circuit held that a Rule 12(b)(6) motion to dismiss is "a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." 246 F.3d 289, 298-99 (3d Cir. 2001); *see also Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84, n. 1 (3d Cir. 2006).

**LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

As noted, the Third Circuit has held that Rule 12(b)(6) is "a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara*, 246 F.3d 298-99; *see also Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84, n. 1 (3d Cir. 2006). "As a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection cause that points to another federal venue, to transfer rather

than dismiss." *Id*. at 299. Subsequent to *Salovaara*, courts in this Circuit have preferred transfer of matters rather than dismissal when a forum selection clause specifies another venue, even when a defendant moves only to dismiss the action rather than to transfer. *See e.g.*, *Geosonics, Inc. v. Aegean Associates, Inc.*, 2014 WL 7409529 (W.D. Pa. Dec. 31, 2014) (transferring case consistent with parties' forum selection clause even though defendant filed only a motion to dismiss); *Kahn v. American Heritage Life Ins. Co.*, 2006 WL 1879192, at *7 (E.D. Pa. June 29, 2006) (transferring action to parties' chosen forum even though only a motion to dismiss was filed); *Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd.*, 938 F.Supp. 256, 260 (D. N.J. 1994) (granting, *sua sponte*, a transfer of venue even though only a motion to dismiss was filed); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (ordering a transfer of venue although no motion to transfer was filed). Because this Court finds that the interests of justice favor transfer of this action to a proper federal venue pursuant to the parties' forum selection clause, this Court will address only the arguments for transfer and not those for dismissal.

**DISCUSSION**

In their motions to dismiss, Defendants argue that this action should be transferred to the United States District Court for the Southern District of Florida because each of Plaintiff's claims is subject to the forum selection clause included in the Agreement. In response, Plaintiff disputes that her claims fall within the scope of the forum selection clause and that, even if they do, the clause can only be applied with respect to her claims against Careers USA. Plaintiff's arguments are, however, misplaced.

It is axiomatic that parties to a contract may select, in advance of litigation, the forum and the law under which any disputes will be resolved. *Banc Auto Inc. v. Dealer Services Corp.,* 2008 WL 4055830, at *2 (E.D. Pa. Aug. 28, 2008) (citing *Botman Intern., B.V. v. International Product*

4

*Imports, Inc.*, 205 F. App'x. 937, 941 (3d Cir. 2006)). Although forum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation, they are entitled to great weight and are presumptively valid. *Grossman v. Grossman*, 2009 WL 449133, at *4 (E.D. Pa. Feb. 23, 2009) (citing *Banc Auto Inc.,* 2008 WL 4055830, at *6). "The question of the scope of a forum selection clause is one of contract interpretation." *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 170, 1073 (3d Cir. 1997). The strongest external sign of the agreement between contracting parties is the words they use in the written contract. Thus, when the language of the contract is unambiguous, that is, when the contract is reasonably capable of only one construction, the inquiry ends and the court must enforce the contract as written. *Integrated Health Resources, LLC v. Rossi Psychological Group,* 537 F.Supp.2d 672, 674 (D. N.J. 2008) (quoting *John Wyeth & Bro. Ltd v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)).

Here, as noted, paragraph 17 of the Agreement (the "forum selection clause") provides in its pertinent part that "***Any proceeding arising between the parties in any manner*** or related to this Agreement shall to the extent permitted by law shall be brought in Palm Beach County, Florida." (Emphasis added). In her response, Plaintiff primarily argues that because this forum selection provision appears in a confidentiality and non-compete agreement, it cannot cover or apply to a suit related to her employment. Plaintiff provides no caselaw to support this argument.

By its plain, ordinary, and unambiguous meaning, the forum selection clause in the agreement is broad and mandatory, requiring that "any proceeding arising between the parties in any manner" to be litigated in Palm Beach County, Florida. As such, the forum selection clause is explicitly not limited to issues relating to competition between the parties or disputes arising under the Agreement. Rather, the language that Plaintiff freely agreed upon broadly states that the

forum selection clause applies to "*any* proceeding . . . in *any* manner . . . ." (Emphasis added). Thus, by its clear terms, the forum selection clause applies to ***any claims*** between Plaintiff and Careers USA. *See Sanders-Darigo v. CareersUSA*, 847 F. Supp. 2d 778, 786 (E.D. Pa. 2012) (enforcing identical forum selection clause to that involved here and transferring matter to Southern District of Florida). Accordingly, because Plaintiff's alleged discrimination claims are against Careers USA, this Court finds that such claims fall within the scope of the forum selection clause. This Court's analysis, however, does not end here.

In light of the United States Supreme Court's decision in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Texas,* 571 U.S. 49 (2013), a district court must also consider the §1404(a) *forum non conveniens* factors when determining whether to enforce a forum selection clause that selects another federal forum. *Id*. at 58-59. The Supreme Court has made it clear, however, that where a valid forum selection clause exists, as is the case here, a district court must consider ***only*** the public-interest factors and not the private-interest factors. *Id*. at 64; *see also Hedge Fund Solutions, LLC v. New Frontier Media, Inc.*, 2014 WL 796208, at *1, n. 3 (E.D. Pa. Feb. 28, 2014). "Because those factors [*i.e.*, the public-interest factors] will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id*. In addition, where the plaintiff defied the parties' forum selection clause by filing in a non-chosen forum, as did Plaintiff here, the plaintiff "bear[s] the burden of showing that public-interest factors ***overwhelmingly*** disfavor a transfer." *Id.* at 67 (emphasis added). Consequently, as the party seeking to overcome an otherwise enforceable forum selection clause, Plaintiff bears the burden of showing that the public-interest factors "overwhelmingly" weigh in favor of venue in this forum, as opposed to the Southern District of Florida.

The public-interest factors include the following:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted). Plaintiff, however, makes no attempt to meet her burden, and instead relies solely on her arguments as to the scope of the clause addressed—an argument rejected above—and the private factors. Based on the arguments made and the factual allegations in the operative complaint, this Court finds that Plaintiff has not met her burden to substantiate exceptional circumstances to warrant disregarding the parties' contractual choice of forum.

In the alternative, Plaintiff argues that only her claims against Careers USA, and not her claims against Schantz, should be transferred to the Southern District of Florida, because only Careers USA was a signatory to the agreement containing the forum selection clause at issue. It is well-settled, however, that "a non-signatory party may enforce a forum selection clause in a contract if the party is a third-party beneficiary of the contract or is closely related to the contractual relationship or dispute such that it is foreseeable that the party will be bound." *AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 708 (E.D. Pa. 2014) (citations omitted). Here, Schantz is alleged to be an employee of Careers USA (a Regional Director) and one of Plaintiff's supervisors during Plaintiff's employment with Careers USA. In such role, this Court finds that Schantz is sufficiently related to the contractual relationship and dispute at issue so as to enforce the forum selection clause contained in the Agreement against Schantz. *See McCusker v. hibu PLC*, 2015 WL 1600066, at *4 n.3 (E.D. Pa. Apr. 8, 2015) (holding company chief executive officer to be a third-party beneficiary of agreement between company and another employee containing forum selection clause); *First Financial Management Group, Inc. v. University*

7

*Painters of Baltimore, Inc.*, 2012 WL 1150131, at *3-4 (E.D. Pa. Apr. 15, 2012) (enforcing forum selection clause against employees of corporate party to forum selection clause).

**CONCLUSION**

For the reasons stated herein, this Court finds the forum selection clause in the Agreement is valid and enforceable. As such, Plaintiff's filing of this action in this forum is in violation of the clause and, although this Court has the power to dismiss the case pursuant to Defendants' Rule 12(b)(6) motion to dismiss, in the interests of justice, this Court will exercise its discretionary authority to instead transfer this case to a federal court located within the contractually specified forum pursuant to 28 U.S.C. §1404(a), *i.e.*, the United States District Court for the Southern District of Florida. In light of this Order to transfer, this Court will not address the merits of Defendants' additional dismissal arguments. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO,* U.S.D.C., J.